No. 3300.—Arthur Hart *v.* The City of New Orleans.

The act of the Territory of Orleans of 1806, creating the office of crier to the courts and fixing the fees thereof, was repealed by the act of 1855, regulating costs and fees generally. An action can not therefore now be maintained to recover fees allowed a crier of a court under the act of 1806, because the act allowing such fees has been repealed.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Frank N. Butler,* for plaintiff and appellee. *Rufus Waples,* for defendant and appellant.

Ludeling, C. J. The plaintiff claims $4222 as the transferree of E. H. Lehman and G. Tournade, alleged to have been criers of the Sixth District Court, in four thousand two hundred and twenty-two tax suits, and for which they charge one dollar in each case.

He relies upon the act of the territory of Orleans entitled " An Act establishing an explicit fee bill," to support his pretensions to charge one dollar in each case, and upon the articles of the Code of Practice, 758 and 759, to show that such an officer as crier still exists in this State.

The act of 1806 does fix the fees of criers at one dollar, and the Code of Practice mentions criers among the officers of courts of original jurisdiction. But we are not prepared to admit the conclusion drawn from these facts by the plaintiff. The territorial act of 1806 is an act relative to fees; "an act to establish an explicit fee bill." In 1855 a law was enacted entitled "An Act to regulate and define costs and fees generally;" the twenty-seventh section of this act declares "that all laws contrary to the provisions of this act, and all laws upon the same subject matter, except what is contained in the Civil Code and Code of Practice, be repealed." The subject matter of both laws is the same, and therefore the former is repealed.

If such an officer can be regarded as still recognized by the laws of this State, which it is not necessary to decide in this case, he could only recover upon a *quantum meruit* or a special contract.

The plaintiff has failed to make out a case.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of defendant, rejecting the plaintiff's demand with costs of both courts.

Rehearing refused.